UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA

           - v. -

EDWIN MEDINA GUARACHE,

           Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

      :     PRELIMINARY CONSENT
      :     ORDER OF FORFEITURE
      :     AS TO SPECIFIC PROPERTY

      :     25 CR 80 (LGS)

WHEREAS, on or about February 27, 2025, EDWIN MEDINA GUARACHE (the "Defendant"), was charged in Indictment, 25 CR 80 (LGS) (the "Indictment"), with possession of a firearm and ammunition by an illegal alien, in violation of Title 18, United States Code, Section 922(g)(5) ("Count Two");

WHEREAS, the Indictment included a forfeiture allegation as to Count Two, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code Section 2461(c), of any and all firearms and ammunition involved in or used in the offense charged in Count Two, including but not limited to a Ruger nine-millimeter semi-automatic pistol, 14 Winchester 7.62 x 39-caliber cartridges, and one Norma 7.62 x 39-caliber cartridge;

WHEREAS, on or about September 26, 2025, the Defendant pled guilty to Count Two;

WHEREAS, the Defendant admits the forfeiture allegation with respect to Count Two and agrees to forfeit, pursuant to Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code Section 2461(c), a Ruger nine-millimeter semi-automatic pistol, 14 Winchester 7.62 x 39-caliber cartridges, and one Norma 7.62 x 39-caliber cartridge;

1

WHEREAS, the Government asserts that a Ruger nine-millimeter semi-automatic pistol, 14 Winchester 7.62 x 39-caliber cartridges, and one Norma 7.62 x 39-caliber cartridge seized in connection with the arrest on or about September 12, 2023 of the Defendant in New York, New York (the "Specific Property") represent a firearm and ammunition involved in or used in the offense charged in Count Two;

WHEREAS, pursuant to Title 21, United States Code, Section 853(g), and Rules 32.2(b)(3), and 32.2(b)(6) of the Federal Rules of Criminal Procedure, the Government is now entitled, pending any assertion of third-party claims, to reduce the Specific Property to its possession and to notify any and all persons who reasonably appear to be a potential claimant of their interest herein;

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

1.      As a result of the offense charged in Count Two, to which the Defendant pled guilty, all of the Defendant's right, title, and interest in the Specific Property is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853.

2.      Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Preliminary Order of Forfeiture as to Specific Property is final as to the Defendant, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

3.      Upon entry of this Preliminary Consent Order of Forfeiture as to Specific Property, the United States, or its designee is hereby authorized to take possession of the Specific Property and to hold such property in its secure custody and control. Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules

2

G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, the United States is permitted to publish forfeiture notices on the government internet site, www.forfeiture.gov. This site incorporates the forfeiture notices that have been traditionally published in newspapers. The United States forthwith shall publish the internet ad for at least thirty (30) consecutive days. Any person, other than the Defendant, claiming interest in the Specific Property must file a Petition within sixty (60) days from the first day of publication of the Notice on this official government internet web site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

4.      The published notice of forfeiture shall state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Specific Property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Specific Property, any additional facts supporting the petitioner's claim, and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

5.      Pursuant to 32.2 (b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

6.      Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Property pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed.

7.      Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate, or dispose of forfeitable property, including depositions, interrogatories, requests for production

of documents and the issuance of subpoenas.

8.      The Court shall retain jurisdiction to enforce this Preliminary Consent Order of Forfeiture as to Specific Property, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

9.      The Clerk of the Court shall forward three certified copies of this Preliminary Order of Forfeiture as to Specific Property to Assistant United States Attorney Emily Deininger Co-Chief of the Money Laundering and Transnational Criminal Enterprises Unit, United States Attorney's Office, 26 Federal Plaza, 37th Floor, New York, New York 10278.

Dated: New York, New York

March 2        , 2026

CONSENTED TO AND AGREED

_____
Defendant Edwin Medina Guarche

_____
Counsel to Defendant Edwin Medina Guarche

JAY CLAYTON
United States Attorney

By:      Thomas John Wright
         _____
         Thomas John Wright
         Assistant United States Attorney
         (212) 637-2295

SO ORDERED:

_____
THE HONORABLE LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE